Curia, per Hauper, Ch.
This case was placed on the docket of the Court of Errors, as involving a constitutional question, by the counsel of the party, without any order of the Court of Appeals which heard the cause, and this is a motion to strike it from the docket.
We are of opinion that the motion to strike the case from the docket, must be granted. The fifth section of the Act of Assembly of 1836, 7 Stat. 340, provides £i that all appeals from the courts of law shall be heard and determined in a Court of Appeals, consisting of the law judges ; and that all appeals in equity shall be heard and determined in a Court of Appeals, consisting of the Chancellors.”
Nothing can be more explicit than this, that every appeal, whether involving a constitutional question or not, must be taken to the separate Courts of Appeals ; thus constituting them generally, and as I shall shew, with respect to suitors, courts in the last resort. It follows, that if cases are brought into the Court of Errors, they must come from one of those courts.
Then, the seventh section of the Act provides, “ that upon all constitutional questions, arising out of the constitution of this State or of the United States, an appeal shall lie to the whole of th.e Judges, assembled to hear such appeals. That an appeal shall also lie to the whole of the Judges upon all questions upon which either of the Courts of Appeal shall be divided, or when any two of the Judges of the court shall require that a cause be further heard by all the Judges.”
I admit that when an appeal is given, it is generally understood as of course to imply that it shall be at the option of the party against whom judgment is pronounced. But it is absolutely impossible to give this meaning to the word, in two of the *422 instances in which it is used in the clause in question. Upon every equal division, it is made the duty of the court to carry the cause into the Court of Errors, whether parties desire it or not. The reference to the Court of Errors, on the demand of two of the Judges, has, of course, nothing to do with the wishes of the parties, and does not admit their interference. Where an appeal is given in the ordinary sense, it is understood, of course, that the judgment by which he is aggrieved shall be rendered before the party’s right of appeal can exist. But the case of an equal division necessarily implies that there shall be no judgment ; and I am satisfied that the power given to two Judges of demanding a Court of Errors, can only be exercised before judgment rendered.
If the right of appeal were the right of the suitor, he could only exercise it after judgment against him ; but the Appeal Courts have familiarly, and without doubt or question, ordered cases to the Court of Errors, if upon the opening of them any constitutional question appeared to be involved.
Then, it is a well known rule for the construction of legal instruments, as laid down in Henry and Talbird vs. Archer, Bail. Eq. 535, where the English cases are referred to, that where the same word is used several times in the same instrument, it is to be understood in the same sense, unless there is something to indicate clearly that it was intended to be used in a different sense. It adds to the force of the rule, that the word is repeated in the same sentence, and in close juxta-posilion. But this would seem equally applicable to an Act of the Legislature. It is no less a rule of reason than of law, and must necessarily be resorted to by one who would- ascertain the true meaning of words.
Then, what was the spirit and purpose of the Act ? According to. Lord Coke’s rule, what was the mischief, and what remedy is provided 'l In the case of an equal division, the natural dissatisfaction of the party whose cause is thus decided, may have entered into the motive of the Act; but undoubtedly, the principal object was to prevent the detriment which the public would sustain from the law’s remaining uncertain.
The right of two Judges to demand a Court of Errors, indicates the court to be merely a consultative one, like the English Court of Exchequer Chamber, which any of the superior courts may assemble, and whose judgments are authoritative, though the suitor has no right of appeal to it. Then, what was the *423 evil in the case of constitutional questions ? Certainly it was not that the suitor had not a double appeal, or it would have been allowed in all cases, whether constitutional questions were involved or not. The suitor is as much aggrieved by an erroneous decision, depriving him of property or any other right, if the question be one of law merely, as if it were of law affected by the constitution. Constitutional questions were regarded by the Legislature as of great importance, and the decision of them as affecting not only the party, but the- public.
It concerns the public that the constitution should be maintained inviolate; and the Legislature has therefore made it the duty of the court to submit all such questions to all the Judges of the State. It is said that the courts whose errors are intended tobe corrected, are thus made the Judges in the last resort of the propriety of their own decisions. But every court in the last resort, must, of necessity, be the judges of the correctness of their own decisions, as of their own jurisdiction ; and, as I have shewn, the separate Appeal Courts are the general courts of last resort. Is there any hardship in this 1 Before the establishment of the Court of Errors, was it a grievance that suitors had .not a double appeal 1 Is it a hardship now, that a double appeal is not allowed in every case ? Certainly, it is a benefit to the losing party, that it should be the duty, or in the power of the court, to submit his cause to an ulterior tribunal.
The eighth section of the Act provides “'that it shall be the duty of the judges to make all proper rules and regulations for the practice of the said Court of Errors, and for the mode of bringing causes before them.” The present question is of the mode of bringing causes before the Court of Errors, and the clause indicates the authority of the court over the matter. It is a rule, which the court has adopted and acted upon, though it has not been made public, that the method of assembling the Court of Errors shall be by a note addressed by the presiding officer of one of the appeal courts to the presiding officer of the other. There is no time fixed by law for the meeting of the Court of Errors; but this depends entirely on the action of the two courts. Yet if the suitor may appeal at his option, he must of necessity have the right of requiring the court to assemble to hear his appeal. Or is it only when the court is formed, and there is a docket of causes, which the court has ordered there, that he has a right to come in and add his cause to the docket 1 *424 It is a possible case that for years neither court should order a cause to the Court of Errors.
It is argued, that to decide that no constitutional question is involved, is to decide the constitutional question, and the Act of Congress of 1789, (a) giving an appeal to the Supreme Court of the United States from the State courts, in the last resort, is referred to. The Act provides “ that where is drawn in question the validity of a statute of, or au authority exercised under, any State, on the ground of their being repugnant to the constitution, treaties, or laws, of the United States, and the decision is in favour of such their validity,” an appeal shall lie. To decide in favour of the validity of a law which is charged to be contrary to the constitution, is certainly to decide that there is no constitutional question involved in the case. The constitution does not touch the question.
But the Act gives the right of appeal in that very case,— where the court shall decide that there is no constitutional question involved, — and there is nothing in the Act to shew, as in our Act, that the word is used in any'other than the ordinary sense, — at the will of the party. Indeed it could not be otherwise, for Congress had no power to legislate for the State courts so as to make it their duty to transmit causes to the Supreme Court for the purpose of being reviewed. And with respect to the apprehended difficulties of appealing to the Supreme Court of the United States, it is plain, that if some action be not taken by the court itself, the decision of one of the Courts of Appeals is the decision of a court in the last resort, and the appeal lies of course.
It certainly enters into our consideration, that the construction contended for would render the administration of justice, under our present system, utterly impracticable. It is already very onerous. From the establishment of the system, it was foreseen, from the natural disposition of men to divide the responsibility of deciding difficult and important questions, that there would be too great a tendency on the part of the two courts, to throw business into the Court of Errors. The result has been found to correspond. But if it were left to the option of the parties, in every case, to have an ulterior appeal, it is plain that it would be impossible to get on. On the construction contended for, this would be, in effect, the result. There is *425 hardly a case in which some pretext of raising a constitutional question might not be found. Nay ! without any pretext at all, the suitor, if the matter depended only on his will, might docket his cause as containing a constitutional question, and the falsehood of the pretext could not be detected till the cause should be opened for hearing in the Court of Errors. This would be often resorted to for purposes of delay, and when the docket of the court shall have accumulated, the delay would be interminable. Is it not safer to leave it to the court, whose duty it will be to send the cause to the whole of the judges, not only in cases in which a constitutional question is clearly involved, but in those in which a question can fairly be made 'l
There must be a discretion which is not precisely defined. If there is any danger of abuse in this, it is that the discretion will be too liberally exercised; and there is no hardship on the suitor, who has already exercised all the right of appeal which the constitution intended him to have.
The point was in fact determined in the case of Perdrieau vs. Hunt, Riley’s Ch. Ca. 92. It is said, “If any constitutional question were really involved in the case, it would be necessary to reserve it for the Court of Errors. But however desirous we might be to have the judgment of the ultimate tribunal on an interesting public question, yet we should not be justified in making an inofficious question, which is not in fact involved in the cause.”
Upon the opening of a cause in one of the Courts of Appeals, the counsel concerned may move or suggest an order for sending the case to the Court of E'-rors, as plainly involving a constitutional question, but if the suggestion be adopted, the order will be regarded as made on the court’s own motion. If the order be refused, then, on the hearing on the merits, counsel will be fully heard on any constitutional question which may appear to them to be involved in the cause, and consequently on the propriety of sending the case to the Court of Errors ; and they will not be entitled to be heard a second time, if the point should be decided against them. If any constitutional question be not made at the principal hearing, parties ought not to be permitted to make it by an original application at any time after the judgment is rendered. This would be a new and inexhaustible source of litigation and delay. Our views on the subject of the Act of 1836, result in the following propositions, which may be regarded as rules.
*426 In no case whatever will an appeal lie directly from any circuit court of law or equity to all the judges assembled as a Court of Errors. .
No cause shall be placed on the docket of the Court of Errors, unless by the order of the appeal court in which the cause was heard or opened.
No application will be entertained by either court, by petition or otherwise, nor will argument be heard on any motion for sending a cause to the Court of Errors, after judgment rendered.
In every case, the court requiring the assembling of a Court of Errors, shall, so far as practicable, unless all questions and matters involved in the cause be referred to the said court, specify the particular questions and points of law on which it may desire the judgment of that court.
The motion is granted.
Johnson, Johnston and Dunkin, CC. and O’Neall, Evans, Bütleb, Wardlaw and Frost, JJ. concurred.
Richardson, J. absent at the hearing.

 1 Story Laws U. S. 61.